# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 17, 2007 Session

## JOHN KIRK TARVER, ET AL. v. GARRISON'S CUSTOM CABINETS, INC.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 82494 T.D.     The Honorable Kay S. Robilio, Judge**

---

**No. W2006-01765-COA-R3-CV - Filed October 31, 2007**

---

Based on a Special Master's report, the Circuit Court of Shelby County entered judgment against the appellant for damages for breach of a contract to install cabinets in the appellee's home. The appellant contends that the trial judge did not independently review the evidence in the record and that the damage award was not supported by the evidence. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

BEN H. CANTRELL, SP. J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J. joined.

Robert A. Talley of Memphis, Tennessee for Appellant, Garrison's Custom Cabinets, Inc.

Eulyse M. Smith of Memphis, Tennessee for Appellee, John Kirk Tarver, et ux

## OPINION

### I.

In a contract dispute over the installation of cabinets in the plaintiffs' home, the Circuit Court of Shelby County entered an agreed order referring the following two questions to a Special Master:

1.      Did the Defendant, Garrison Custom Cabinets, Inc. breach its' contract with the Plaintiffs, John Kirk Tarver and Sallie L. Tarver, to manufacture and install custom cabinets in Plaintiff's home wherein said contract contained certain warranties as to the quality of materials and workmanship on the part of the Defendant; and,

2.      If Defendant did breach its contract and warranty therein, determine the amount of Plaintiff's damages, if any, allowing any offsets to Defendant which it may be due.

The Master submitted his report on or about July 17, 2003. The defendant filed exceptions to the report on or about July 28, 2003. The plaintiff filed an extensive memorandum

in support of the report and a response to defendant's memorandum, even though the defendant's memorandum does not appear at that point in the record.

The Circuit Court entered the following order:

> THIS CAUSE came on to be heard before the Honorable Kay S. Robilio, Judge of Division 5 of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis; upon the Motion of Plaintiff to confirm the Findings of the Special Master and the Objections of Defendant to the Special Masters Findings and from the argument of counsel for the parties and the entire record, the court finds that the Objections filed Defendants as to the Report of the Special Master should be referred back to the Special Master for is report thereon;
>
> IT, IS THEREFORE, ORDERED ADJUDGED and Decreed that the Objections of Defendant to the Report of the Special master should be referred back to the Special Master for his comments and findings thereon.

The Special Master filed a subsequent report on or about August 8, 2005. On cross motions to confirm and to reject the report, the Circuit Court entered the following order on May 1, 2006:

> IT APPEARING TO THE COURT, and the Court finds, that the Parties, by consent, submitted the issues to be decided to the Honorable Arnold Lindseth as Special Master, a well qualified Attorney of the Memphis and Shelby County Bar to hear the matter; and,
>
> IT FURTHER APPEARING TO THE COURT, and the Court finds, that a full hearing was had with the witnesses testimony being subscribed along with numerous exhibits; that the Court has reviewed same and is satisfied that the evidence supports the findings of the Special Master; and, that the Special Master's Report should be confirmed.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the objections of the Defendant to the Master's Report be and the same are overruled; and,
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Special Master's Report be and is hereby confirmed and approved in its entirety. Judgment is hereby entered for the Plaintiffs, John Kirk Tarver and Sallie Tarver, against the Defendant, Garrison Custom Cabinets, Inc., for the sum

of $39,482.30 as damages together with all cost in the cause for which let execution issue.

### III.

The first issue raised on appeal is whether the Circuit Court failed to independently review the evidence before the Special Master.

References to a Master are governed by Rule 53 of the Rules of Civil Procedure (TRCP). The Master's duty is to prepare a report on the matters submitted by the order of reference and to file it with the court along with a transcript of the evidence taken by the master. Rule 53.04(1) TRCP. In ruling on objections to the report, in non-jury actions, the Court "may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." Rule 53.04(2) TRCP.

The appellant's argument that the Circuit Judge did not make an independent investigation into the findings of the master is based on the following exchange that took place at the hearing on the objections:

MR. TALLEY: What I want to make clear is that Your Honor is relying on – in sustaining this case, Your Honor is relying upon our choosing the Master and his explicit findings that he made; that's what Your Honor's ruling is – and basing it on.

THE COURT: Is there anything else?

MR. TALLEY: I just want -- I just want to make sure that's what to put in the order.

MR. SMITH: Of course, Your Honor can make any type of additional findings that Your Honor if he wants to.

THE COURT: Well, all I'm saying is, as far as the testimony about the inflation, the Master has already heard that proof, assessed the credibility of those witnesses and I'm accepting the Master's report.

MR. TALLEY: I understand. That's what I'm saying; you're accepting it based upon his making those rulings.

THE COURT: Yes.

This Court, however, does not accept the appellant's argument that the quoted exchange conclusively shows that the trial judge did not review the evidence in the record before affirming the Master's report. The Court's order specifically finds "that a full hearing was had with the witness testimony being subscribed along with numerous exhibits; that the Court has reviewed same and is satisfied that the evidence supports the findings of the Special Master …"

The record does not sustain the first issue raised by the appellant.

**IV.**

The second and third issues raised on appeal are whether the Special Master and the Court erred by awarding the cost of repairs as damages and whether the amount allowed is supported by material evidence.

The Master's report contained a finding that the damages with respect to the kitchen and laundry areas were $32,482.30 and with respect to the other areas were $7,000.

The appellant's objections to the report as to both of these findings simply says, "The finding is not supported by the evidence." The appellant did finally file a memorandum in support of its objections raising, in addition to the weight of the evidence, the statute of limitations, objections to evidence, the appellee's expert witness, and whether the cracking noted on the cabinets was the fault of the appellant. Since the appellant has not raised the other issues on appeal, we will only deal with the supporting evidence issue.

A. <u>Kitchen and Laundry Area</u>

The appellant argues that the Special Master erred in basing his damage report on the costs to replace the cabinets in these areas. The appellant's view is that the award should have been confined to the difference in value of the work performed and the value of the work if it had been performed in accordance with the contract.

In <u>Wilhite v. Brownsville Concrete</u>, 798 S.W.2d 772 (Tenn. Ct. App.), this court said that if the defects in workmanship are so substantial that the performance of the contract is worthless, the contractor must pay the other party the cost of having the job redone.

There is ample proof in the record that it would be cost effective to tear out all the work and start over. Therefore, the cost of doing what the original contract required is a proper measure of the plaintiff's damages.

The appellant also argues that the cost of replacement appearing in the record was for cabinets of substantially better quality than the cabinets promised in the appellant's contract. We have carefully reviewed the testimony and find that it does not support the appellant's contention in this matter.

-4-

The judgment of $32,482.30 for replacing the cabinets in the kitchen and laundry areas is affirmed. [1]

### B.Other Areas

The finding that the plaintiffs' damages for the defective work in other areas of the home was based on an estimate that the total cost to make the repairs would be $14,865.50. The Special Master found, however, that some of the problems were caused by the removal of the den wall unit to place it on the hardwood floor and that the plaintiffs' painters could have caused adjustment problems in the cabinet doors. Therefore, the Special Master found that the damages were only $7,000.00

We think the evidence supports this finding. It was obvious that there were defects in the work other than those that resulted from acts beyond the control of the appellant. It is, therefore, certain that the appellee sustained some damages. The only uncertainty is the amount. But exact certainty is not required; it is enough if the proof shows the amount of damages to a reasonable degree of certainty. Airline Construction, Inc. v. Barr, 807 S.W.2d 247 (Tenn. Ct. App. 1990). There must be enough proof to sustain a "just and reasonable" inference as to the amount. Pennington v. UMW, 325 F.2d. 804 (6th Cir. 1963).

We, therefore, affirm the judgment of $7,000 for the defective work in the "Other Areas" of the home.

The judgment of the Court below is affirmed and the cause is remanded to the Circuit Court of Shelby County for any further proceeding that may become necessary. Costs of the appeal are assessed against the appellant, Garrison's Custom Cabinets, Inc., and its surety.

_____

**BEN H. CANTRELL, SP. J.**

---

[1] We have independently weighed the evidence in the record. Therefore, we have not applied Tenn. Code Ann. §27-1-113 making a concurrent finding of a Special Master and a trial judge conclusive on appeal.